Opinion filed July 23, 2015



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00120-CR
_____

## CORY SHANE FIELDS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11208-D**

**M E M O R A N D U M   O P I N I O N**

Cory Shane Fields, Appellant, has filed an untimely pro se notice of appeal from a conviction for aggravated sexual assault. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on January 23, 2015, and that his notice of appeal was filed in the district clerk's office on May 26, 2015. When the appeal was filed in this court, we notified Appellant by letter that the notice of appeal appeared to be untimely and that the

appeal may be dismissed. We requested that Appellant respond to our letter and show grounds to continue. The trial court subsequently appointed counsel to represent Appellant on appeal. Appellant's court-appointed counsel has filed a response to this court's letter.

In the response, appellate counsel states that he has been informed by Appellant that Appellant verbally requested his trial counsel to file an appeal. Likewise, in his pro se notice of appeal, Appellant requests an out-of-time appeal and asserts that his retained trial counsel failed to file a notice of appeal as Appellant requested. Appellate counsel correctly acknowledges that "the proper avenue" to determine if Appellant is entitled to a direct appeal may "be by way of writ of habeas corpus."

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1); *see also Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) (oral notice of appeal not sufficient). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 123 days after sentence was imposed. The notice of appeal was, therefore, untimely.

Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither a notice of appeal nor a motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate

appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.3d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

This appeal is dismissed for want of jurisdiction.


PER CURIAM


July 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.